### SIGUA IRON CO. v. BROWN.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

PLEADING—MISJOINDER OF CAUSES OF ACTION.

> A complaint to recover an installment on defendant's subscription to the capital stock of plaintiff alleged that plaintiff is a West Virginia corporation, and that the statutes of that state provide that, "if any stockholder shall fail to pay any installment upon his shares when required by the board, the corporation may recover from him the principal sum due with interest thereon at the rate of 10 per cent. per annum." Judgment was demanded for the principal and interest thereon at the rate of 10 per cent. *Held*, that the complaint did not state two causes of action,—one on the contract obligation to pay the installments, and the other for a penalty for nonpayment when called for by the board,—but it alleged a single cause of action on the contract obligation under the West Virginia statute to pay the installments as called for, together with 10 per cent. interest in the event of failure to do so.

Appeal from special term, New York county.

Action by the Sigua Iron Company against Harold P. Brown. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

The grounds of the demurrer were: First, that two causes of action had been improperly united,—one to recover on a contract obligation, and the other to recover a penalty imposed by a foreign statute; second, that, as to the second cause of action, the court had no jurisdiction of the subject-matter thereof. The action is brought to recover certain unpaid installments on the defendant's subscription to the capital stock of the plaintiff corporation, and the complaint, among other things, alleges that the plaintiff is a West Virginia corporation, and that in May, 1890, the defendant purchased 60 shares of its capital stock, which were duly transferred to him on its books, and that thereafter, and at his request, a certificate representing such shares was issued and delivered to him, and that he thereupon became, and has since remained, a stockholder, entitled to all the privileges and subject to all the liabilities of such a stockholder; that among the other liabilities is one provided by statute of the state of West Virginia that, "if any stockholder fail to pay any instalment upon his shares when required by the board, the corporation may recover from him the principal sum due with interest thereon at the rate of ten per cent. per annum."

Then follow allegations showing that the defendant came within the liability imposed by such statute, and judgment is asked for the principal unpaid, and for interest thereon at the rate of 10 per cent.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, INGRAHAM, and PARKER, JJ.

W. F. Goldbeck, for appellant.
R. Burnham Moffat, for respondent.

O'BRIEN, J. In determining the first ground of demurrer,—as to whether two separate causes of action have been improperly united,—we must accept either the view taken by the appellant, that the complaint includes a cause of action upon a contract for the balance of the principal due upon a subscription to shares of stock, and a cause of action to recover a penalty of 10 per cent. interest, or the position contended for by the respondent, that the liability to pay the 10 per cent. interest is part and parcel of the contract to pay the unpaid principal, and that, therefore, but one cause of action is alleged. The appellant argues that the plaintiff bases its right to recover on a double foundation,—on the express contract between the vendor, the defendant, and the plaintiff, and on the implied liability resulting by statute from the mere fact of the defendant's owning stock in the company. In this we think there is some confusion as to what the complaint alleges. It does not seek to recover the interest upon the theory of any implied statutory obligation, but asserts that the contract made by the defendant for the purchase of the stock included, in addition to the payment of the principal, payment of interest at the rate prescribed by statute of the state of West Virginia. The purpose of alleging the statute is to fix the rate. So the question is really narrowed down to a consideration as to whether the defendant's liability to pay interest at the rate of 10 per cent. is a part of the contractual obligation he assumed upon subscribing for the stock, or whether it is one sought to be added to the original contract by force of the statute, and outside and independent of the contract of purchase itself. Upon this, we have the allegations of the complaint stating that at the time of entering into this contract both the plaintiff and the defendant were subject to the provisions of the statute providing for the payment of 10 per cent. interest; and as the contract must be presumed to have been made in West Virginia, which was the domicile of the plaintiff, and by virtue of whose laws it exists, and as it is to be fairly inferred from the complaint as it stands that the contract was made and was to be performed in the state of West Virginia, all parties are presumed to have known the law of that state, and to have contracted with reference to it. As said in Small v. Manufacturing Co., 2 N. Y. 335:

"The act incorporating the plaintiff * * * directs a subscription, and prescribes the duties of the directors in making calls, and the right to forfeit the shares of subscribers for nonpayment of the purchase money. The subscription must be construed, therefore, as if all the provisions of the statute affecting the liability of the subscriber, or his title to the stock purchased by him, were incorporated in his agreement."

And in Passenger v. Thorburn, 34 N. Y. 641, it is said:

"The law assumes that both parties entered into the contract with full knowledge of the legal rights and duties resulting therefrom, and whether either of them intended to be thus bound cannot be a subject of proper inquiry."

Giving to the complaint, as we are bound to do, such a construction, and adopting such inferences as will support rather than defeat the pleading, we think it alleges but a single contract obligation to pay installments as called for, together with 10 per cent. interest in the event of failure so to do, under the statute, which is pleaded. If it were shown upon the trial that the usual rate of interest prevailing in West Virginia was only 6 per cent., and that the provisions of the statute relied upon to obtain a larger rate of interest were in the nature of a penalty, it might be that the court would refuse to permit the recovery to the full of the 10 per cent. asked. But this would be very different from holding that the fixing of the rate of interest above the usual rate creates a separate cause of action. And yet it is the latter proposition that the defendant must sustain to avail him upon this demurrer. Without, however, discussing the question further in this direction, our conclusion is that there is but a single cause of action alleged upon a contract by the terms of which the defendant was obligated to pay the unpaid principal and interest at the rate of 10 per cent., and that the complaint is not susceptible of the view that, in addition to the enforcement of the contract obligation, it is sought to recover a penalty imposed by a statute. As there are not, therefore, two causes of action alleged, and as the court has jurisdiction to try the one cause pleaded, it follows that the judgment appealed from should be affirmed, with costs, with leave to the defendant to withdraw demurrer and answer over in 20 days on payment of costs in this court and in the court below. All concur.